991 F.2d 789
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ralph E. FACEMIRE, Plaintiff-Appellant,
v.
David L. DUFF; David L. Duff, P.C.; Eric F. Schell,
Defendants-Appellees.
 No. 92-2392.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 6, 1993
Decided: April 23, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-92-1330)
 Ralph E. Facemire, Appellant Pro Se.
 Eric Franklin Schell, Virginia, for Appellees.
 E.D.Va.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Ralph E. Facemire appeals the district court's order granting summary judgment to Defendants. We affirm.
 
 
 2
 Facemire filed this action alleging fraud by the attorneys who represented his adversaries in several former actions in state and federal court. Although the present Defendants were not parties to the prior actions, the district court found that Facemire was collaterally estopped from raising those allegations, based on a prior state court adjudication on the issue adverse to Facemire.
 
 
 3
 Defensive collateral estoppel bars a claim where a defendant seeks to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated and lost against another defendant. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.4 (1979). Collateral estoppel may be used defensively as a bar if the plaintiff had a full and fair opportunity to litigate the issues in the previous suit; mutuality of the parties is not required. Blonder-Tongue Labs., Inc. v. University of Illinois Found., 402 U.S. 313 (1971); Thurston v. United States, 810 F.2d 438 (4th Cir. 1987).
 
 
 4
 In this case, Facemire has merely repeated the same allegations he raised in his previous state court case. The only difference is that now he has included his adversaries' law firm as a Defendant. Facemire had a full and fair opportunity to litigate the fraud issue in state court. The state court considered his fraud claim and ruled against him. The fraud issue in both cases was identical, was actually litigated, was determined by a final and valid order, and was necessary to the state court judgment. Therefore, Defendants have shown that the requirements for applying defensive collateral estoppel were satisfied. Accordingly, we affirm the judgment of the district court.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED